CASANUEVA, Judge.
The State appeals a pre-trial order suppressing an out-of-court identification of the defendant, Santiago Gonzalez, by a citizen eyewitness. The trial court concluded that both the photo pack composition and its display to this uninvolved witness were imper-missibly suggestive, thereby creating a substantial likelihood of misidentification of Mr. Gonzalez. The State contends the trial court’s ruling was erroneous; upon this record, we agree and reverse.
Even if obtained from a suggestive procedure, a pre-trial identification is not per se inadmissible. Where reliable identification evidence, based upon a witness’s independent recall, is introduced, suppression is not mandated. See Washington v. State, 653 So.2d 362 (Fla.1994); Edwards v. State, 538 So.2d 440, (Fla.1989). In considering the totality of the circumstances surrounding the identification process, a trial court must weigh a number of factors: (1) the witness’s opportunity to view the suspect at the time of the crime, (2) the witness’s degree of attention, (3) the accuracy of the witness’s prior description of the suspect, (4) the witness’s level of certainty demonstrated at the time of confrontation, and (5) the length of time between the crime and confrontation. See Grant v. State, 390 So.2d 341 (Fla.1980).
The eyewitness testified that on July 27, 1996, he saw Mr. Gonzalez from a distance ranging from 10 to 15 feet at the closest to 50 to 60 feet at the greatest. He observed Mr. Gonzalez walk up to a vehicle, remove golf clubs from it, and return to a vehicle parked directly in front of the witness. Mr. Gonzalez then placed the golf clubs in this car, returned to the vehicle from which the golf clubs were removed, and proceeded to wipe its trunk with a towel. During the time it took to complete these activities, citizen witness never took his eyes from Mr. Gonzalez. Later, he twice described Mr. Gonzalez to police officers as a tanned or dark-complexioned male, approximately 45 years of age, weighing between 140 and 150 pounds on a 5’7” to 5’9” frame, with gray hair around the temples and sideburns and thinning hair on top. Three weeks after first observing Mr. Gonzalez, the citizen witness identified Mr. Gonzalez within seconds from a six person, head shot only photo pack. Thus, the eyewitness consistently and in detail described Mr. Gonzalez on two occasions preceding the photo pack identification and afterwards readily identified him again on the date of the suppression hearing.
Although we agree with the trial court that the photo pack could have depicted more men with a receding hairline, under the totality of circumstances, we conclude the out-of-court identification procedure was appropriate and reliable and that there existed no substantial likelihood of misidentification. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Therefore, we reverse the order of suppression and remand for further proceedings.
PATTERSON, A.C.J., and ALTENBERND, J., concur.